RECEIVED

JUL 17 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| CORVEL CORP. | CIVIL ACTION NO. 06-0523 |
| VS. | JUDGE TRIMBLE |
| MED COMP USA, INC.<br>C. BEUTLER & ASSOC., L.L.C.<br>FAYEZ K. SHAMIEH, P.M.C. | MAGISTRATE JUDGE METHVIN |

## JURISDICTIONAL REVIEW RULING

Before the court is plaintiff's "Response to court's Order Requiring Submission of Jurisdictional Amount," filed pursuant to this court's order of June 1, 2007.[1] Having reviewed plaintiff's memorandum and the exhibits thereto, I conclude that plaintiff has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000 by setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

Plaintiff contends that it entered into a managed care network access agreement with defendant Med Comp USA, Inc. ("Med Comp"), which operates a healthcare provider organization in Louisiana, on October 19, 1993. Corvel contends that defendants C. Beutler & Associates, L.L.C., doing business as Beutler-England Clinic ("Beutler-England"), and Fayez K. Shamieh, M.D. were/are Louuisiana health care providers and participating providers of the Med Comp healthcare provider organization. Although Corvel does not specifically so allege, it is

---

[1] Rec. Doc. 24.

believed that Corvel is an insurance company that provides workers compensation insurance coverage.

Corvel contends that Beutler-England and Shamieh entered into preferred provider agreements with defendant Med Comp USA ("Med Comp"), in which Beutler-England and Shamieh contractually agreed to render medical services at certain discounted rates to insureds of payors who contracted with Med Comp. Pursuant to a separate contract between Med Comp and Corvel, Corvel alleges the Med Comp preferred provider network, which consists of providers – including Beutler-England and Shamieh-- who have separately contracted with Med Comp to accept certain negotiated rates for the treatment of workers compensation patients. Corvel alleges that Med Comp agreed to make available to it the negotiated rates agreed to by its provider members.

Corvel contends that, since joining the Med Comp PPO network, defendants have treated numerous employees of Corvel's insureds who have suffered job-related injuries and whose claims are covered under a workers compensation policy issued by Corvel. Corvel contends that, although it has paid the providers in accordance with the parties' contracts, defendants seek additional money for medical services performed, together with penalties and attorneys' fees. Corvel further contends that the defendants claim that the provider contracts are illegal, and that they are entitled to payment for medical services provided to workers compensation claimants at rates higher than those set forth in the provider agreements they knowingly executed.

Corvel alleges that it has fully reimbursed defendants pursuant to the terms of the provider agreements and seeks a declaratory judgment from the court that they are valid and enforceable, and that they are not required to pay the amounts sought by defendants. Corvel also

3

seeks to compel defendants to submit to arbitration, given that the contracts at issue contain arbitration clauses, and to stay the instant lawsuit pending the outcome of the arbitration proceedings.

In an action for declaratory relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002), citing Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir.1983). See also St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d at 1253 (in declaratory judgment actions, the value of the right to be protected is the determining factor in satisfying the jurisdictional amount requirement in actions for declaratory judgment).

In the instant case, Corvel alleges that the "issue . . is the amount of past and future payments made or to be made to Defendant Shamieh and Beutler-England Clinic pursuant to their Provider Agreements with Med Comp and Agreement between Corvel and Med Comp USA." Thus, the value of the right to be asserted are the additional amounts already sought by defendants Beutler-England and Shamieh from Corvel, as well as future amounts that will allegedly be owed, which defendants claim they are entitled to under the provider agreements. In its response to the court's June 1, 2007 order, Corvel states that these amounts exceed $350,000.00.

4

Considering the foregoing, the undersigned concludes that plaintiff's claims satisfy the jurisdictional amount in this case.

Signed at Lafayette, Louisiana on July 17, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 7/17/07
BY: CW
TO: mem